**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYNTHIA ROBBINS, individually and as successor in interest to decedent MARIO PEREZ, RONIN RAY PEREZ, by and through his Guardian ad Litem, CYNTHIA ROBBINS,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF HANFORD, a municipal entity, CITY OF HANFORD POLICE DEPARTMENT, OFFICER DIENER, an individual, and OFFICER CHRIS JORDAN, an individual,<br><br>    Defendants.<br><br>AND RELATED CONSOLIDATED CASE | CIV F F 04-6672 AWI SMS<br><br>Consolidated with Case:<br>CV F 05-0147 OWW SMS<br><br>ORDER MOVING HEARING ON DEFENDANTS'S MULTIPLE MOTIONS AND ORDERING PLAINTIFF TO FILE A DECLARATION REGARDING STATUS AS SUCCESSOR IN INTEREST |

    Currently pending before this Court are multiple motions filed by Defendants.  The motions are generally styled as motions to dismiss and in the alternative motions for summary judgment.  If a court considers evidence outside of the pleadings in ruling on a motion to dismiss, the motion to dismiss is converted to a motion for summary judgment. Fed. R. Civ. Pro. 12(b).  Both parties have submitted external evidence, such as declarations, with respect to the pending

motions and made arguments regarding summary judgment.  Given that both parties have submitted materials that are outside the record, that the motions are styled in part "in the alternative motions for summary judgment," and that the parties have addressed summary judgment in their pleadings, the Court will consider the external evidence submitted and will convert the Rule 12(b)(6) motions into motions for summary judgment.

With respect to Defendants's Rule 12(b)(7) motion, Defendants have raised the issue of whether Cynthia Robbins is actually the successor in interest of the decedent, Mario Perez. Robbins's standing with respect to various claims are now in issue.  A person may bring suit for a survival claim as a successor in interest if there is no personal representative.  Cal. Code Civ. Pro. § 377.30; Tatum v. City & County of San Francisco, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006).  To qualify as a successor in interest, Robbins must file a declaration that conforms to California Code of Civil Procedure § 377.32.  See Dillard v. Curtis, 2004 U.S. Dist. LEXIS 22926, 20-21 (N.D. Cal. 2004); see also Tatum, 441 F.3d at 1094 n.2.  Robbins has filed a declaration in opposition to the 12(b)(7) motion, but the declaration does not contain all of the information required by § 377.32.  Accordingly, the Court orders Robbins to file a declaration that conforms to § 377.32, if she is legally able,[1] in order to establish her status as successor in interest of Mario Perez.

Additionally, the Court has reviewed its calendar and schedule and has determined that it is necessary to move the hearing on Defendants's currently pending motions.

Accordingly, IT IS HEREBY ORDERED that:
1.  Plaintiff Cynthia Robbins is to file and serve a declaration that conforms to California Code of Civil Procedure § 377.32 on or by 4:00 p.m., May 24, 2006, if she is legally able to do so; and

---

[1] That is, the Court is not ordering Robbins to file a declaration that is false.

daw                                                     2

2. The May 15, 2006, hearing date for all of Defendants's currently pending motions is VACATED and the new hearing date will be May 30, 2006, at 1:30 p.m.

IT IS SO ORDERED.

**Dated:     May 12, 2006**                               **/s/ Anthony W. Ishii**
0m8i78                                                    UNITED STATES DISTRICT JUDGE